IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS ELROY LOVELESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-01235-JD |
| | ) |
| RONALD RAY JONES, II, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda Maxfield Green on January 28, 2025. [Doc. No. 8]. On December 9, 2024, Judge Green issued an order requiring Plaintiff Chris Elroy Loveless to cure the deficiencies in this action by either paying the filing fee or filing a motion to proceed in forma pauperis by December 30, 2024. [Doc. No. 5]. The order notified Loveless that failure to comply with the order could result in the dismissal of this action. *Id.* at 2. Shortly after the court mailed that order to Loveless's address on file, an earlier mailing sent to Loveless was returned as undeliverable. [Doc. No. 6]. Even though Loveless neglected his responsibility to notify the court of his change of address, *see Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999), he filed a Notice of Change of Address in another action referred to Judge Green, so she *sua sponte* extended Loveless's deadline to cure to January 21, 2025, and remailed the December 9 order to Loveless's new address. [Doc. No. 7].

Because Loveless did not pay the filing fee or file a motion to proceed in forma

pauperis by the January 21 deadline, Judge Green recommends dismissing this action without prejudice to refiling. R. & R. at 2 (first citing Fed. R. Civ. P. 41(b); and then citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962)). The R. & R. advised Loveless of his right to object by February 18, 2025, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. *Id.* at 2–3. Loveless did not file an objection or request an extension of time to do so.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised.'" *Id.* at 1120.

Here, the R. & R. informed Loveless of both the time period for objecting and the consequences of failing to object. *See* R. & R. at 2–3. The interests of justice do not require review because the R.& R. was mailed to Loveless's new address on January 28, 2025, and the Court has no evidence of Loveless's effort to comply or an explanation for his failure to comply. Thus, the firm waiver rule applies, and Loveless has waived his right to challenge the R. & R.[1]

Therefore, the Court ACCEPTS the R. & R. [Doc. No. 8] and DISMISSES this action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 11th day of March 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] Alternatively, even if the Court were to review this matter de novo, it agrees with Judge Green's analysis and conclusion that Loveless's action should be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute his action or failure to comply with a court order. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link*, 370 U.S. at 630–31) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").